### 42345. TAYLOR v. LEWIS.

SUBMITTED OCTOBER 4, 1966—DECIDED NOVEMBER 2, 1966.

560

*Roberts & Thornton, Jack M. Thornton,* for appellant.
*Lawrence S. Rosenstrauch,* for appellee.

FELTON, Chief Judge. The trial court based its final ruling on the renewed general demurrer partly on the fact that the disputed word in the handwritten amended loan application, as indicated in the statement of facts hereinabove, might be "loan" or "com.," and that the spelling, construction and meaning of said disputed word were questions of fact for a jury. While this is undoubtedly true as a rule, in this case the petition states a cause of action regardless of whether the disputed word is "loan" or "com.," the abbreviation of "commitment," as was indicated by the trial court.

The pleadings show that the parties had a valid contract for the procurement of a loan and that the defendant had complied with all of the conditions and requirements insisted upon by the lending company except for the $500 deposit. The fact that the deposit was not specified as a condition of the loan in the loan application does not make it an invalid condition. As indicated in the statement of facts hereinabove, the defendant agreed in the loan application that he would pay the company's expenses in processing the application if the loan was not closed because of his failure to comply with *any terms* of accepted commitment *or approval letter*. In the plaintiff's letter notifying defendant of the approval of his loan application, the deposit was clearly made one of the terms. It is true that the loan application provided for an expiration date of the commitment of May 19, 1964, and that the defendant's deposit tendered prior to that date was rejected. It will be noted, however, that this expiration date applies to the commitment *"if accepted by applicant."* Although the application specifies no other time limit for the acceptance of the commitment, the defendant was apprised of the condition of the deposit not only by the company's written commitment, but by one letter from the plaintiff and no less than four letters from the company. Defendant is estopped to deny the validity of this required condition after failing to answer any of said letters, make any protest whatsoever, and finally sending his check for the deposit to the company subsequent to the deadline of which the company had notified him.

Thus, the plaintiff had complied with his obligation under the contract whether the disputed word was "loan" or "com." (commitment), since he had procured a written commitment for a loan, the consummation of which was prevented by the defendant's failure to comply with the conditions and requirements of the loan, as specified by the lending company. The petition as amended stated a cause of action; therefore, the court did not err in its judgment overruling the renewed general demurrer thereto.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*